IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT LEE BELTON, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 116-091 |
| | ) (Formerly CR 110-251) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Lee Belton, Jr., filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

## I.  BACKGROUND

On September 15, 2010, a grand jury in the Southern District of Georgia charged Petitioner and twenty-two co-defendants in a fifty-six count indictment alleging numerous drug and firearms offenses related to a multi-year conspiracy to sell drugs in the Augusta, Thomson, and Atlanta, Georgia areas. United States v. Belton, CR 110-251, doc. no. 4 (S.D. Ga. Sept. 15, 2010) (hereinafter "CR 110-251"). The Court appointed attorney James T. Jones to represent Petitioner, and on May 5, 2011, Petitioner pleaded guilty to a lesser

included offense of conspiracy to distribute and possess with intent to distribute controlled substances as charged in Count One of the indictment. Id., doc. nos. 281, 585-87.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guidelines imprisonment range at 188 to 235 months. PSI ¶¶ 35, 44, 64. Because Petitioner had two prior felony convictions involving either a crime of violence or controlled substance offense, he was identified as a career offender within the meaning of U.S.S.G. § 4B1.1, and the offense level under that section of the Guidelines is thirty-two. PSI ¶ 33.

However, because of the amount of drugs involved, and because Petitioner possessed a dangerous weapon, the adjusted offense level of thirty-four calculated pursuant to U.S.S.G. § 2D1.1 was used in Petitioner's Guidelines calculations. PSI ¶¶ 32, 33. That number was reduced by three points to thirty-one based on Petitioner's acceptance of responsibility. PSI ¶¶ 34, 35. Although Petitioner's nine criminal history points established a Criminal History Category of IV, because Petitioner was a career offender under U.S.S.G. § 4B1.1, his Criminal History Category was set at VI. PSI ¶¶ 43, 44. The statutory maximum term of imprisonment for Petitioner's offense is twenty years. 21 U.S.C. §§ 841(b)(1)(C) and 846; PSI ¶ 63.

At sentencing on November 3, 2011, the government filed a motion for downward departure, and United States District Judge J. Randal Hall imposed a below-Guidelines sentence of 158 months of imprisonment. CR 110-251, doc. nos. 774-75, 779. On April 13, 2015, Judge Hall reduced Petitioner's sentence to 127 months of imprisonment under 18

U.S.C. § 3582(c)(2) based on a retroactively applicable change to the Guidelines. Id., doc. no. 921.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that although he was not sentenced under the ACCA, Johnson requires that he be resentenced with the enhancement applied under a provision of the advisory sentencing Guidelines which contains the same language as the provision of the ACCA declared void by the Supreme Court in Johnson. (See generally doc. no. 1.)

## II. DISCUSSION

As explained above, Petitioner's Offense Level was not impacted by his designation as a career offender under U.S.S.G. § 4B1.1 because his specific offense characteristics under U.S.S.G. § 2D1.1 required the higher level of thirty-four, rather than the thirty-two called for under U.S.S.G. § 4B1.1. PSI ¶¶ 27,-28, 33. However, Petitioner's Criminal History Category did increase from IV to VI based on his designation as a career offender under U.S.S.G. § 4B1.1. One of the crimes counted against him in the § 4B1.1 calculation

3

was counted as a crime of violence. PSI ¶ 37. A "crime of violence" is defined in U.S.S.G. § 4B1.2(a) as a federal or state offense punishable by a term of imprisonment exceeding one year that: "(1) has an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

Nonetheless, Petitioner is not entitled to relief because Johnson does not apply to the Guidelines. Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of career offender status under § 4B1.1 and the applicable crime of violence definition in § 4B1.2.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the

---

[1] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016).

4

application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA